In the Matter of Raymond McKaba, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, August 26, 1985

### APPEARANCES OF COUNSEL

*Robert H. Straus* for petitioner.

*Marshall Kaplan* (*Ira London* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on March 9, 1953. By order of this court dated July 26, 1984, the respondent was suspended from the practice of law effective March 12, 1984, the date of his conviction of a "serious crime". In this proceeding to discipline respondent for professional misconduct, the respondent moves to "confirm so much of the report of the * * * Referee, as is in conformity with the order of this Court dated September 11, 1984", which referred the petition containing the charges and the answer thereto to the Special Referee, but asks this court to note "that the report of the Referee neither fairly nor accurately reflects the record developed in this proceeding". Petitioner moves to confirm said report in full.

The Special Referee sustained the charges of misconduct alleging that respondent had been convicted of a "serious crime" within the meaning of 22 NYCRR 691.7. The petition herein alleged that on March 12, 1984, respondent entered a plea of guilty in the United States District Court for the Eastern

District of New York to an information which charged that he had violated 18 USC § 214.

This information charged that: "On or about July 13, 1981, within the Eastern District of New York, the defendant RAYMOND MCKABA did knowingly, wilfully and unlawfully give a thing of value, namely, a personal loan to an officer of the Manufacturer's Hanover Trust Company, a Federal Reserve Bank, located at 7510 Fifth Avenue, Brooklyn, New York, for endeavoring to procure from said Federal Reserve Bank an advance, loan or extension of credit or discount, or purchase of any obligation or commitment with respect thereto, without disclosing the thing of value and all material facts with respect thereto in writing in the application or request for such advance, loan, extension of credit, discount, purchase or commitment to said Federal Reserve Bank."

On June 29, 1984, the Federal court suspended the imposition of sentence and placed the defendant on probation for a period of two years, a condition of which was that the respondent perform 120 hours of community service. A fine of $5,000 was also imposed.

Respondent argued that his actions did not arise out of his practice of law and also that he was "the victim of extortion". However, the Special Referee found that respondent was involved in "a partnership in [other] illegal transactions" including a money "laundering" scheme wherein respondent's share was 50% of the money passing through a bank account opened by respondent under a fictitious name.

After reviewing the evidence before us, we are in full agreement with the findings contained in the report of the Special Referee. Respondent is guilty of the misconduct described above. Petitioner's motion to confirm the Special Referee's report is granted and respondent's motion is denied to the extent that it asks this court to disagree with any aspect of said report.

In determining an appropriate measure of discipline, we have taken into consideration the fact that the misconduct did not arise out of respondent's practice of law. Nevertheless, under all of the circumstances, respondent should be, and hereby is, disbarred from the practice of law and it is ordered that his name be stricken from the roll of attorneys and counselors-at-law, effective forthwith.

MOLLEN, P. J., LAZER, MANGANO, GIBBONS and LAWRENCE, JJ., concur.